# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

## MISCELLANEOUS NO. 3:07-MC-47
(Doc. No. 5)

| | |
|---|---|
| IN RE: | ) |
| | ) |
| STANDING ORDER GOVERNING | ) |
| JURY SELECTION AND | ) |
| INSTRUCTION IN CIVIL CASES | ) |
| BEFORE THE HONORABLE | ) |
| FRANK D. WHITNEY | ) |
| | ) |

The terms of this Order shall apply to all pending and future civil cases on the docket of the Honorable Frank D. Whitney in which a trial by jury has been demanded.

1. **VOIR DIRE.** Pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, the Court will conduct all jury voir dire according to the following procedures.

   a. Prior to a scheduled trial term of Court, the Jury Coordinator will mail to each person selected for jury service a "Confidential Juror Questionnaire," a copy of which is attached to this Order as <u>Exhibit A.</u> Counsel shall be provided copies of the completed juror questionnaires prior to jury selection and voir dire. Counsel should be aware that, because it is the Court's custom to hold mixed criminal/civil trial terms which draw on a common juror pool, some of the questions asked on the Confidential Juror Questionnaire may not seem especially relevant to civil jury selection.

   b. After the prospective jurors are sworn, the Court will:

   i. Explain to the jury panel the purpose of voir dire;

   ii. Indicate to the jury panel how long the case is expected to take to try, and ask

    if any member of the jury panel has special circumstances (including personal obligations and/or medical conditions) that would make serving as a juror difficult;

  iii. Read the joint statement of the case provided by counsel in advance of trial, and ask if any member of the jury panel has previously heard or read anything about the case;

  iv. Have counsel introduce themselves and their clients, and ask if any member of the panel has any relationship with any of them.

  v. Have counsel identify all potential witnesses, and ask if any member of the panel has any relationship with any of them.

  vi. Ask any necessary follow-up questions that may arise from a juror's answer to any question (including written answers to questions on the Confidential Juror Questionnaire);

  vii. Ask any questions requested by counsel, as the Court may allow in its discretion;

  viii. Ask if any other reason suggests itself to any member of the jury panel as to why he or she could not sit on this jury and render a fair and impartial verdict based on the evidence presented in the context of the Court's instructions on the law.

**2. JURY SELECTION.**

 a. **Method.** Jury selection will be conducted according to a modified "strike and replace" method. This method generally works as follows: A number of jurors equal

to the size of the trial jury are called into the box. Only the jurors seated in the box initially are examined by the judge. Requests to excuse jurors for cause and hardship are made, in writing on a form to be provided by the Court, and may be heard and ruled upon in sidebar. Peremptory challenges are then indicated on a form to be provided by the Court and are announced by the Judge. <u>Failure to exercise a peremptory challenge as to a juror during the round in which he/she is first seated in the box will result in waiver of counsel's right to challenge that juror during later rounds</u>. When a juror is removed for cause or hardship or is peremptorily removed by one of the parties, another juror is called forward to replace the departing juror. The replacement is then asked for his or her answers to all previous questions. This process continues until all challenges for cause and peremptory challenges have been exhausted and the required number of jurors remain. <u>Counsel should note that jurors will be called at random and counsel will not know the order in which jurors in the pool will be called to fill vacant seats in the box.</u>

b. **Number of Peremptory Challenges.** All plaintiff(s) collectively shall be entitled to three (3) peremptory challenges. All defendant(s) collectively shall likewise be entitled to three (3) peremptory challenges. The Court may allow additional peremptory challenges (no more than three per party) in exceptional cases.

c. **Number of Trial Jurors.** Civil juries will consist of eight (8) jurors with no alternates; however, no mistrial will result if a juror must be excused mid-trial so long as at least six (6) jurors remain at the time a verdict is returned.

**3.    JURY INSTRUCTIONS.** Jury instruction will be conducted in four (4) phases. The purpose of this methodology is to break up the monotony of a single final charge, instruct the jury at points in time in which the Court's directives will have the greatest efficacy, and allow the jury to retire to deliberate with counsel's summations fresh in mind.

   a.   **Phase One.** Phase one instructions will be given after the jury is empaneled and before opening statements. Topics covered in phase one instructions include: (i) juror conduct during trial; (ii) the province of the judge and jury; (iii) what is/is not evidence; and (iv) assessment of witnesses. The Court's phase one pattern instructions are attached to this Order as Exhibit B. Ordinarily, these instructions WILL NOT be repeated during the final jury charge but WILL be included in a set of written jury instructions that will be sent back with the jury during deliberations.

   b.   **Phase Two.** Phase two instructions will be given during the course of trial as needed to explain why certain evidence has been admitted or excluded. Issues arising during trial that would warrant an instruction include: (i) if judicial notice of a fact is taken, or a stipulation is read into the record, or an expert witness is qualified to testify concerning matters of opinion, the Court will explain these procedures to the jury at the appropriate time; (ii) if charts, summaries, or transcripts are used to aid the jury but not admitted into evidence, an appropriate instruction concerning the use of the aid will be given; and (iii) if evidence is admitted for a limited purpose (*e.g.*, prior bad acts, impeachment by prior inconsistent statement or criminal conviction), an appropriate cautionary instruction will be given at that time. Ordinarily, these instructions WILL NOT be repeated during the final jury charge and WILL NOT be

included in a set of written jury instructions that will be sent back with the jury during deliberations. Accordingly, if counsel believe that a cautionary or explanatory instruction is needed at any time during trial, counsel shall immediately make himself heard or any objection to the Court's failure to instruct shall be deemed waived.

c. **Phase Three.** Phase three instructions will be given after the close of all evidence but before closing arguments. Topics covered in phase three instructions include: (i) the burden of proof; (ii) a reading of each jury interrogatory on the verdict form, together with the elements of each claim or defense and relevant definitions of terms; and (iii) damages. The Court's phase three pattern instructions are attached to this Order as <u>Exhibit C</u>, although the Court will be guided by the parties' requests as this phase of jury instructions is largely case-specific. These instructions WILL be included in a set of written jury instructions that will be sent back with the jury during deliberations.

d. **Phase Four.** Phase four instructions will be given after closing arguments and before the jury retires to deliberate. The Court's phase four pattern instructions are attached to this Order as <u>Exhibit D</u>. These instructions WILL be included in a set of written jury instructions that will be sent back with the jury during deliberations.

IT IS SO ORDERED.

Signed: May 14, 2007

Frank D. Whitney
United States District Judge